UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------

JOHN TARVER,

        Plaintiff,

v.

DELTA TRANZ, LLC, et al.

        Defendants.

-------------------------------------------------------

CASE NO. 1:17-cv-01963

OPINION & ORDER
[Resolving Doc. No. 14]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff John Tarver moves for reconsideration of the Court's previous opinion granting in part and denying in part his summary judgment motion against Defendants Delta Tranz, LLC, Edina Duric, and Eddie Duric ("Defendants").[1] Defendants have failed to appear in this case.

For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff Tarver's motion for reconsideration. The Court **GRANTS** Tarver's motion for summary judgment on his wrongful termination in violation of public policy claim and awards him $41,256.00 in damages for this claim.

A more detailed factual background of the events leading to this case can be found in the Court's original summary judgment opinion.[2] In brief, Plaintiff Tarver was a truck driver for Defendants.[3] At some point during Tarver's employment, Tarver's truck malfunctioned, and he informed Defendants of this malfunction both orally and in writing.[4] Defendants took no steps to fix the truck and instructed Tarver to keep driving it.[5] Eventually the truck's problems caused

---

[1] Doc. 14.
[2] *See* Doc. 13.
[3] *See* Doc. 14-1 at ¶¶ 1-5.
[4] *Id.* at ¶¶ 10-29.
[5] *See id.* at ¶¶ 22-33.

the truck to shut down while Tarver was driving.[6] Tarver again complained to Defendants about the truck and refused to keep driving it because it was a danger to himself and others.[7] Defendants fired Tarver almost immediately after this exchange.[8]

On Tarver's initial motion for summary judgment, the Court granted his Fair Labor Standards Act, Ohio Wage Act, and unjust enrichment claims. The Court denied Tarver's Ohio whistleblower claim because he failed to make any outside report about the unsafe truck and did not provide sufficient evidence of his internal written reports. The Court denied Tarver's wrongful termination in violation of public policy claim because he did not identify a sufficiently specific public policy. Tarver now asks the Court to reconsider these denials.

Whether to reconsider a prior order is "within the discretion of the district court."[9]

Tarver argues that the Court incorrectly held that the Ohio whistleblower statute requires a plaintiff to make a report to an outside authority to gain its protections. Tarver cites *Contreras v. Ferro Corp.*[10] and the statute's text for his argument.

Although Tarver quotes extensively from *Contreras*, he ignores that the Ohio Supreme Court opens its discussion of the whistleblower statute's requirements by stating that, "[Ohio Revised Code §] 4113.52(A)(1) protects an employee for reporting certain information *to outside authorities* . . . ."[11] *Contreras* therefore does not help Tarver.

Tarver's argument that the whistleblower statute uses the permissive "may" instead of the mandatory "shall" when referring to making an outside report also fails.[12] Ohio's whistleblower statute requires any prospective whistleblower to undertake three intra-company requirements

---

[6] *Id.* at ¶¶ 28-42.
[7] *Id.*
[8] *Id.* at ¶ 43.
[9] *See Rheinfrank v. Abbott Laboratories, Inc.*, 137 F. Supp. 3d 1035, 1038 (S.D. Ohio 2015).
[10] 652 N.E.2d. 940 (Ohio 1995).
[11] *Id.* at 944 (emphasis added).
[12] *See* Ohio Rev. Code § 4113.52.

Case No. 1:17-cv-1963
Gwin, J.

before the employee *may* make a protected outside report.[13] In this context, the word "may" simply means that an employee can choose whether he wishes to blow the whistle and gain the statute's protections.

For these reasons, Tarver's whistleblower claim fails as a matter of law.

Tarver also asks the Court to reconsider its denial of his wrongful termination in violation of public policy claim. Tarver now argues that Defendants terminated him in violation of Ohio's public policy in favor of workplace safety, as codified in Ohio Revised Code §§ 4101.11 and 4101.12. The Court agrees.

Both state and federal courts have recognized that Ohio Revised Code §§ 4101.11 and 4101.12 state a sufficiently specific public policy to support a wrongful termination claim.[14] Tarver's text messages—stating that driving Defendants' truck would risk his life and reporting that the truck's brakes and engine malfunctioned—support his claim that he complained about a genuine workplace safety issue.[15] Allowing Defendants to terminate Tarver for reporting this information could jeopardize Ohio's public policy in favor of workplace safety. Defendants have admitted that they fired Tarver because he made these complaints and that they had no legitimate business justification for firing Tarver.[16]

Tarver has therefore met the requirements for a wrongful termination in violation of public policy claim.[17] For these reasons, the Court reconsiders its previous denial of this claim and **GRANTS** Tarver's motion for summary judgment on this claim.

---

[13] *Id.*
[14] *See Jenkins v. Central Transport, Inc.*, No. 9-CV-525, 2010 WL 420027, at *3 (N.D. Ohio Jan. 20, 2010) (citing *Kulch v. Structural Fibers, Inc.*, 677 N.E.2d 308 (Ohio 1997)).
[15] *See* Doc. 14-1 at ¶¶ 17-41.
[16] *See* Doc. 14-5 at 5-6 (request for admissions).
[17] *See Zajc v. Hycomp, Inc.*, 873 N.E.2d 337, 341-42 (Ohio Ct. App. 2007).

Case No. 1:17-cv-1963
Gwin, J.

Because the Court has granted Tarver summary judgment on his wrongful termination claim, he is entitled to his lost wages as damages. Because Tarver spent time unemployed after Defendants fired him and because he drives significantly less for his new employer than he did for Defendants, he is entitled to $41,256.00 in lost wages[18] in addition to the damages, attorney's fees, and costs the Court awarded him in its previous opinion.[19]

For these reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Tarver's motion for reconsideration. The Court **GRANTS** Tarver's motion for summary judgment on his wrongful termination in violation of public policy claim and **GRANTS** Tarver $41,256.00 in damages for this claim. The Court **DENIES** Tarver's motion for summary judgment on his whistleblower claim.

IT IS SO ORDERED.

Dated: April 5, 2018          s/     *James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[18] *See* Doc. 14-1 at ¶¶ 47-54.
[19] *See* Doc. 13 at 9-10.